**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MAURO REIS DE SOUSA,
*Petitioner*,

v.

VERNON LIGGINS, *et al.*,
*Respondents*.

Case No. 1:26-cv-03508-ABA

**MEMORANDUM OPINION AND ORDER**

Petitioner Mauro Reis De Sousa is a Brazilian national who entered the United States on or about March 30, 2004. ECF No. 1 ¶¶ 1–2. After his entry, he was detained by the Department of Homeland Security ("DHS"), and was issued a notice to appear. *Id.* ¶ 2. In June 2004, Petitioner was released from custody, and on December 9, 2004, he was ordered removed *in absentia*. *Id.* ¶¶ 2, 4. Twenty years later, in 2024, Petitioner filed a motion to reopen those proceedings. *Id.* ¶ 5. That motion was denied by the Newark Immigration Court in September 2024. *Id.* On October 24, 2024, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). *Id.* ¶ 6. That appeal is pending.

U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on September 3, 2026 pursuant to a warrant of removal. ECF No. 10 at 7. That same day, Petitioner filed a petition for a writ of habeas corpus in this Court. ECF No. 1. Respondents filed a response and motion to dismiss (ECF No. 10), and Petitioner filed a reply brief (ECF No. 11). On the same day as his reply brief, September 15, Petitioner filed a motion to stay removal with the BIA. ECF No. 11-1 at 1. This Court set a hearing on the petition and later ordered Petitioner's counsel to specifically address "why this

Court has jurisdiction to order Petitioner's requested relief . . . notwithstanding 8 U.S.C. § 1252(g)." ECF Nos. 8 & 12. The Court held that hearing on September 18. ECF No. 13. Following that hearing, on September 21, the BIA denied his motion for a stay pending his appeal of the denial of his motion to reopen. ECF No. 14-1 at 2.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Supreme Court has held that the provision's jurisdictional bar "applies only to three discrete actions that the Attorney General may take," namely a "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

Petitioner's three claims all challenge "the lawfulness of removing him" while his BIA appeal is pending. ECF No. 11 at 1. Petitioner argues that "removing him before the [BIA] rules on his pending appeal . . . would nullify [his] statutory and constitutional rights entirely." *Id.* at 2. Petitioner does not otherwise challenge the lawfulness of the removal order. In *Mapoy v. Carroll*, the Fourth Circuit addressed a similar question, and held that district courts lack jurisdiction to stay an order of deportation while a motion to reopen was pending before the BIA. 185 F.3d 224, 230 (4th Cir. 1999). The court held that the petitioner's claim was a "thinly veiled attempt to evade the dictates of § 1252." *Id.* Other courts addressing the same question have likewise held that district courts lack jurisdiction. *See, e.g.*, *Rauda v. Jennings*, 55 F.4th 773, 777–78 (9th Cir. 2022) ("No matter how [Petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [Petitioner's] removal order, which we have no

jurisdiction to review."); *Chowdhury v. Ashcroft*, 241 F.3d 848, 851 (7th Cir. 2001) ("[A]t the end of the day [Petitioner] was asking the district court to stay the execution of his deportation order, pending a [BIA] decision on his motion to reopen. He was therefore attacking one of the three specific actions over which § 1252(g) forecloses review—the execution of a removal order—and was squarely within the jurisdictional bar."). The fact that Petitioner frames his claims as a legal challenge to ICE's authority to remove him while his appeal before the BIA is pending does not mean the Court has jurisdiction. *See Rauda,* 55 F.4th at 778 (quoting *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1274 (11th Cir. 2021) ("[W]e do not have jurisdiction to consider 'any' cause or claim brought by an alien arising from the government's decision to execute a removal order. If we held otherwise, any petitioner could frame his or her claim as an attack on the government's *authority* to execute a removal order rather than its *execution* of a removal order.").

At the hearing, counsel for petitioner cited three cases in support of the argument that 8 U.S.C. § 1252(g) does not bar jurisdiction here. However, those cases do not address the application of § 1252(g) to circumstances such as these. *See Cruz Medina v. Noem*, 806 F. Supp. 3d 536, 544 (D. Md. 2025) (addressing "whether due process requires an immigration judge to review a negative reasonable fear determination made outside the context of expedited removal proceedings"); *De Jesus Martinez v. Nielsen*, 341 F. Supp. 3d 400, 407 (D.N.J. 2018) (addressing "DHS's legal authority to detain [Petitioner] at his I-130 interview and attempt to remove him before he has had the opportunity to finish the provisional waiver process"); *Calderon v. Sessions*, 330 F. Supp. 3d 944, 950, 954–55 (S.D.N.Y. 2018) (same). Therefore, the Court concludes it lacks subject matter jurisdiction over his petition.

The Court ORDERS that

1. Respondents' motion to dismiss (ECF No. 10) is GRANTED;

2. Petitioner's petition (ECF No. 1) is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction; and

3. The Clerk is directed to close this case.

Dated: September 29, 2026

/s/
Adam B. Abelson
United States District Judge